**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY SANCHEZ, | : | Civil No.: 05-2552 (RBK) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| OFC. M. GONZALEZ, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Anthony Sanchez, Pro Se
#152271
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**KUGLER**, District Judge

Plaintiff Anthony Sanchez is currently confined at the Camden County Correctional Facility, Camden, New Jersey. Plaintiff seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, and alleges violations of his constitutional rights.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff, a pretrial detainee, states that on January 24, 2005, he was illegally stopped and searched without probable cause by defendant Officer M. Gonzalez. In particular, he states:

> 1-24-05 Officer M. Gonzalez #1249, stoped [sic] and searched me in violation of my 4th Amendment Constitutional Right and retrieved a handgun. This officer did not have probable cause to search me. To my knowledge, there was no calls or complaints made about a suspect with a gun. There is nothing to justify this officer's actions, which would warrant probable cause to be searched.

Plaintiff further states that the Camden County Prosecutor's Office and defendant Vincent Sarubbi, the Camden County Prosecutor, violated his civil rights by failing to provide him a speedy trial, and by denying him a probable cause hearing under New Jersey law.

He asks the Court to order a probable cause hearing in his state criminal case.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was

"primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff's Complaint Will Be Dismissed.**

First, Plaintiff's claim that he was denied a probable cause hearing in the course of his state criminal proceedings is essentially a matter of state law procedure.  Liberally construing the complaint, Plaintiff asserts a due process claim due to the absence of a probable cause hearing.  However, it is not generally the role of the federal courts to interfere in

4

pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiff has the opportunity to raise his instant claims in that proceeding.  Plaintiff has failed to plead any special circumstances that would take this case out of the Younger abstention doctrine.  Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action

is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).

Additionally, although this Court has mandamus jurisdiction under 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."), section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court.  See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991).  Thus, this Court does not have jurisdiction to order the state court to conduct a probable cause hearing in Plaintiff's criminal case.

However, even if Plaintiff were to amend his complaint to request relief in the form of monetary damages, his complaint would not state a claim upon which relief may be granted.  In a series of cases beginning with Preiser v.Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity

> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Taken collectively, Plaintiff's claims of search and arrest without probable cause, present the type of claim addressed in Heck; that is, a finding that Plaintiff's conviction was procured by such extensive unconstitutional means would necessarily imply the invalidity of his conviction. As Plaintiff does not contend that his conviction has been invalidated, any potential damages claims have not yet accrued. Accordingly, these claims must be dismissed for failure to state a claim.

Moreover, specifically addressing, albeit in dicta, whether a § 1983 suit, for damages attributable to an allegedly unreasonable search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

> For example, a suit for damages attributable to an
> allegedly unreasonable search may lie even if the
> challenged search produced evidence that was introduced
> in a state criminal trial resulting in the § 1983
> plaintiff's still-outstanding conviction. Because of
> doctrines like independent source and inevitable
> discovery, and especially harmless error, such a § 1983
> action, even if successful, would not necessarily imply
> that the plaintiff's conviction was unlawful. In order
> to recover compensatory damages, however, the § 1983

>   plaintiff must prove not only that the search was
>   unlawful, but that it caused him actual, compensable
>   injury, which, we hold today, does <u>not</u> encompass the
>   "injury" of being convicted and imprisoned (until his
>   conviction has been overturned).

<u>Heck</u>, 512 U.S. at 487 n.7.

The Court of Appeals for the Third Circuit recently held that "in those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned." <u>Gibson v. Superintendent</u>, 411 F.3d 427, 449 (3d Cir. 2005). Adopting a fact-based approach to interpreting footnote seven of <u>Heck</u>, the Court of Appeals stated:

>   . . . under <u>Heck</u>, a district court is required only to
>   make a threshold determination as to whether a
>   plaintiff's § 1983 claim, *if successful*, would have the
>   hypothetical effect of rendering the criminal
>   conviction or sentence invalid. If this threshold is
>   satisfied, the district court's analysis is at an end,
>   and the <u>Heck</u> deferred accrual rule is triggered.

<u>Id.</u> at 451.

In this case, if Plaintiff's § 1983 case alleging a violation of his constitutional rights due to an improper search and seizure were successful, it would have the hypothetical effect of rendering his future conviction invalid. Thus, the <u>Heck</u> deferred accrual rule is triggered, and Plaintiff's complaint must be dismissed, without prejudice.

**CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice.  An appropriate order follows.


<pre>
                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge
</pre>

Dated: August 16, 2005